## UNITED STATES v. RITCHIE.
### No. 7974.

Circuit Court of Appeals, Third Circuit.
Argued April 24, 1942.

Decided June 8, 1942.

Thomas D. McBride, of Philadelphia, Pa. (Samuel P. Orlando, of Camden, N. J., on the brief), for appellant.

Joseph W. Burns, of Washington, D. C. (Charles M. Phillips, U. S. Atty., of Trenton, N. J., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

Thomas J. Ritchie was convicted in the District Court for the District of New Jersey upon two indictments. One charged him and others with conspiring corruptly to endeavor to influence jurors in that court and corruptly to endeavor to obstruct the due administration of justice therein. The other charged him and others with aiding and abetting W. Russel Sturges in corruptly endeavoring to influence a particular juror. From the judgments entered by the district court upon the verdicts in each case Ritchie has taken the appeal now before us.

Ritchie's principal argument in support of his appeal is that the court erred in refusing to direct a verdict in his favor. He bases his argument upon the contention that the testimony of certain Government witnesses which proved the conspiracy, but which was offered before he had been shown by the evidence to be connected with the conspiracy, was excluded as against him and was never afterward reoffered. Consequently, he says, it forms no part of the record in the case and was, therefore, not available for consideration by the jury as against him. We think that Ritchie misconstrues the rulings of the court to which he refers.

Ritchie and Brecker were on trial together, all his other co-defendants having pleaded guilty. The testimony to which Ritchie refers was quite clearly admissible, at the time it was offered, as against his co-defendant Brecker. It was, therefore, proper for the trial judge to admit the evidence for the consideration of the jury, cautioning them, however, that it was not to be considered as against Ritchie unless and until other evidence was offered which tended to show that he had knowingly joined the conspiracy. Wigmore on Evidence, Third Ed., §§ 14, 1871; 2 Wharton's Cr. Evid., Eleventh Ed., § 700. An examination of the record leaves us in no doubt that this is exactly what the trial judge did. Thus for example he stated, after an objection by counsel for Ritchie to the testimony of the co-conspirator Parzow, "Let us hold, as far as Ritchie is presently concerned, that it doesn't bind him until there is stronger and better evidence that he was part and parcel of the alleged conspiracy. I think as to Brecker it has shown his interest sufficiently for me to permit the testimony to go in." Again the trial judge said, when objection was made by counsel for Ritchie to the testimony of the co-conspirator Lodge, "Yes, anything said about your client will not go against your client until the Court is satisfied there is sufficient connection between Ritchie and the alleged transaction." Subsequently the testimony of the co-conspirator Glickman definitely connected Ritchie with the conspiracy. The trial judge so ruled upon an objection by counsel for Ritchie to testimony about to be given by Glickman of a subsequent conversation with Ritchie in the nature of a confession.

At the conclusion of the Government's case Ritchie moved for a directed verdict in his favor. After full argument, in the course of which counsel for the Government pointed out in detail the evidence which did connect Ritchie with the conspiracy, the trial judge ruled that there was a sufficient amount of evidence to take the case to the jury. Finally the trial judge in his charge to the jury instructed them that in determining what the facts were and what the result of the evidence might be as it affected the two defendants whom they were then trying, i. e., Brecker and Ritchie, they should consider "all of the testimony that has been offered". It thus appears that the trial judge did admit into evidence the testimony in question, that he cautioned the jury that it was not to be used against Ritchie until the latter should be connected by other evidence with the conspiracy, and that after Ritchie had been so connected the trial judge ruled that the testimony was to be considered as against Ritchie and instructed the jury that they should consider it in determining Ritchie's guilt or innocence.

Ritchie suggests that under the circumstances he was deprived of the right to cross-examine the witnesses in question. We find no merit in this contention. As we have pointed out, the testimony to which he refers was admissible when it was offered as against his co-defendant Brecker. It was, therefore, proper for the trial judge to admit it as he did. We think that a defendant who desires to cross-examine a witness whose testimony is or may subsequently become competent as to him should embrace the opportunity to do so which is given him at the time when the witness's evidence in chief is given to the jury. As a matter of fact counsel for Ritchie did actually cross-examine four of the five witnesses in question and he had full opportunity to cross-examine the fifth. Having been afforded such an opportunity he cannot now complain that he failed to take full advantage of it.

Two other allegations of error require only brief notice. One is that the evidence was insufficient to sustain Ritchie's conviction upon either indictment in that he was not shown to have knowingly participated in the conspiracy or knowingly aided or abetted Sturges. We think that no useful purpose will be served by reciting the evidence at length. We need only say as to this contention that our examination of the record satisfies us that there was evidence from which the jury was justified in finding that Ritchie knowingly participated in the conspiracy charged and in the aiding and abetting of Sturges in his attempt to influence a juror and that the trial judge was clearly right in refusing Ritchie's motion for a directed verdict.

Finally it is contended that the trial judge erred in charging the jury that the rules relating to the testimony of accomplices were applicable to the testimony of the defendant Ritchie who took the stand in his own defense. This point was not called to the attention of the trial judge, nor was he asked to correct it. The reason is obvious from a reading of his

charge. The fact is that he made no such statement to the jury. What he did say was that it was for the jury to determine how much of the testimony of the accomplices they would believe and that the same rule applied to the consideration of the defendant's testimony. This was of course a perfectly proper instruction.

The judgments of the district court are affirmed.